WICKER, J.
Plaintiff-appellant, the National Collegiate Student Loan Trust 2006-3 ("NCSLT"), seeks review of the trial court's judgment sustaining an exception of no right of action filed by defendant-appellee, Walter Poole, dismissing NCSLT's action against defendant with prejudice. Upon consideration of the parties' joint motion to dismiss the appeal, we hereby grant the parties' motion and dismiss the appeal.
On May 6, 2016, NCSLT filed suit *1269 against Triona and Walter Poole[1] to collect on a student loan debt in the amount of $27,166.92. NCSLT filed into the record an "Affidavit and Verification of Account" executed by an employee of Transworld Systems, Inc., the designated custodian of records concerning the education loans at issue, attesting that National Collegiate Funding, LLC sold, assigned, and transferred defendants' student loans to plaintiff, NCSLT on September 28, 2006.
Poole subsequently filed an exception of no right of action, claiming that NCSLT lacked the procedural capacity to file suit and contended rather that the trustee for NCSLT must file suit on its behalf. Poole relied upon La. C.C.P. art. 699, which provides that, "the trustee of an express trust is the proper plaintiff to sue to enforce a right of the trust estate." Poole argued that NCSLT lacks the capacity to file suit in its own right and must, pursuant to La. C.C.P. art. 699, file suit through its trustee.[2] On January 27, 2017, the trial court issued a judgment sustaining Poole's exception of no right of action but allowing NCSLT time to amend its petition to name the trustee as the plaintiff in accordance with La. C.C.P. art. 699 and La. R.S. 9:2222. After NCSLT failed to amend its petition within the time provided in the trial court judgment, Poole sought to have the suit dismissed. On March 8, 2017, the trial judge took judicial notice that more than 10 days had elapsed since the signing of the January 27, 2017 judgment, and dismissed NCSLT's petition against Poole with prejudice. This timely appeal followed.
On appeal, NCSLT contends that Delaware law should apply under the facts of this case and that, under Delaware law, NCLST is a business trust with the substantive and procedural capacity to file suit on its own behalf. NCSLT thus asserts that it is not subject to La. C.C.P. art. 699's requirement that an "express trust" file suit through its named trustee. Poole responds that Louisiana's Code of Civil Procedure sets forth the procedural means by which an entity may sue or be sued in Louisiana courts and that, under La. C.C.P. art. 699, the named trustee must file suit on NCSLT's behalf.
On the morning that this matter was docketed for oral argument, NCSLT forwarded correspondence to this Court, informing the Court that the parties had reached a compromise and would not be present for oral argument on that date. Subsequently, the parties filed a joint motion to dismiss the appeal. Upon consideration of the parties' joint motion, we hereby grant the parties' motion and dismiss this appeal.
APPEAL DISMISSED

On November 30, 2016, the trial court issued a default judgment against Triona Poole in the total amount of $27,166.92, reserving all rights against Mr. Walter Poole, defendant herein. That judgment is not before this Court.

La. C.C.P. art. 699 provides:
Except as otherwise provided by law, the trustee of an express trust is the proper plaintiff to sue to enforce a right of the trust estate.